IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                                        CASE NO. 1:21-cr-13-AW-GRJ

JEREMIE SAINTVIL
_____/

# ORDER

Pending before the Court is Defendant's Motion for Judicial Recusal. ECF No. 66.  Defendant requests that I recuse myself from this case because of alleged bias and that the Court vacate the order of pretrial detention. For the reasons discussed below, Defendant's motion is due to be denied.

Relying upon 28 U.S.C. § 455(a) Defendant requests that I recuse myself from this case because of my rulings and comments made during the April 1, 2021 detention hearing in this case. In support of his motion Defendant points to several comments made during the detention hearing. First, and generally, Defendant complains that the transcript of the detention hearing alters and omits key aspects of the detention hearing. Defendant then complains specifically that the Court's inquiry as to whether the government was going to file a motion to forfeit monies paid to

Defendant's then counsel demonstrates bias on my part. Lastly, Defendant complains that comments made by the Assistant United States Attorney during the detention hearing constituted racial slurs.

Plaintiff has failed to satisfy the standard for recusal under 28 U.S.C. § 455(a).  Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The standard for recusal under § 455(a) is an objective one, requiring a court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *Bolin v Story*, 225 F. 3d 1234, 1239 (11th Cir. 2000).

Plaintiff offers no facts evidencing any partiality with respect to this case. First, as to whether the transcript is an accurate transcription of the proceedings the transcript on the docket contains a certification by the court reporter that she "[w]as authorized to and did stenographically report the … proceedings and that the transcript is a true and correct transcript of [her] stenographic notes of the proceedings." ECF No. 21, p. 133. The Court has to assume the certification means what it says.  But even if there were errors in the transcript I have nothing to do with the stenographic reporting of the proceedings or the preparation of the transcript. Thus, any

perceived errors by Defendant in the transcript have no bearing upon my impartiality in this case.

Second, regarding the Court's comments as to whether the government was intending to seek forfeiture of the fees paid to Defendant's then counsel, inquiry into monies and properties potentially subject to forfeiture is a standard area of inquiry during a detention hearing because the ability of a defendant to have access to funds is probative of whether a defendant may be a flight risk. That is one of the reasons the Court made inquiry as to whether the residence Defendant owns in South Florida was the subject of foreclosure proceedings, or if not, would be subject to forfeiture proceedings by the government. In determining conditions of release and any security a defendant would post the Court cannot consider assets subject to forfeiture.  If that was the case a defendant could rob a bank and then use the stolen monies to post bond for release.  The same reasoning applies to using proceeds from criminal activity to pay for legal fees.

In sum, the Court's inquiry into assets that might be subject to forfeiture was a standard area of focus at a detention hearing. And it does not demonstrate impartiality in any way and certainly does not lead a disinterested lay observer to question the Court's impartiality.

Lastly, Defendant's complaint that the AUSA used a racial slur at the hearing— and that I should recuse myself because I permitted the AUSA to use language with that connotation— mischaracterizes the comments. Moreover, even if the Defendant interpreted the comments differently, that is not a proper legal basis to request recusal because the comments were not made by me but were made by the AUSA to which no objection was lodged at the hearing.

During the AUSA's argument at the detention hearing regarding risk of flight the AUSA pointed out that Defendant ( a resident of South Florida) could easily charter a boat to a Caribbean island, like Haiti, and if so the Defendant would be a fugitive, who the government would be forced to track down. The transcript of the hearing discloses that the AUSA used the words "have to go hunt him down" when describing what would happen if the Defendant became a fugitive. ECF No. 21, p. 113.  Defendant complains that the transcript is not accurate. According to Defendant, he says the AUSA used the words "round him up." The Court of course does not remember every word that was used at a detention hearing that occurred five months ago. The Court, instead, must rely upon the transcript, which is certified by the court reporter as a true and accurate transcript of the proceedings. Notably, the hearing took place more than

4

five months age and there was no objection at the hearing to the words the AUSA used nor was there any attempt by the Defendant to correct the transcript. But, even assuming the AUSA said "round him up" instead of "go hunt him down" it makes no difference. The context within which the comments were made expressed what the government would have to do if the Defendant fled and became a fugitive. No objections were made by the Defendant to the AUSA's comments during the detention hearing so the Court was not called upon to address the words Defendant says the AUSA used. For purposes of recusal, however, the important point is that whatever words the AUSA used, there is no assertion that the Court made the comments and, therefore, it is a logical disconnect to imply that the words should be attributed to me.

The bottom line here is that the Defendant disagrees with the Court's decision to detain him pending trial. The Defendant exercised his right to appeal my ruling to the District Judge but after reviewing the challenge the District Judge denied Defendant's request to revoke the detention order and affirmed my decision to detain the Defendant. While Plaintiff may disagree with the Court's decision regarding pretrial detention such disagreement is not a valid basis for disqualification. See *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) ("[A]s a general rule, a judge's

rulings in the same case are not valid grounds for recusal."); *see also In re Kunsman*, 752 F. App'x 938, 939 (11th Cir. 2018) ("Adverse rulings alone, either in the same or a related case, generally do not constitute a valid basis for recusal.").

Simply because a judge issues an order, which a litigant believes was wrongly decided, does not call into question a judge's impartiality.  Rather, "[a] charge of partiality must be supported by some factual basis ... Recusal cannot be based upon unsupported, irrational or highly tenuous speculation." *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999).  Thus, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational or highly tenuous speculation. [Otherwise], the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges."  *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986).

Accordingly, none of the Defendant's grounds for recusal or complaints about my impartiality are sufficient as a matter of law to support recusal. And to the extent that Defendant requests the Court to vacate the order of pretrial detention, the proper avenue to challenge the order of detention is to the district judge and not me. Defendant already has done

6

so and the request has been denied. Any further challenges to the order of pretrial detention, therefore, must be directed to the district judge.

Upon due consideration, and for the reasons discussed above, it is

**ORDERED:**

Defendant's Motion for Judicial Recusal, ECF No. 66, is **DENIED.**

**DONE AND ORDERED** this 16th day of September 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge